UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD R. MAGEE, JR.                                    CIVIL ACTION

VERSUS                                                  NUMBER: 16-0289

WASHINGTON PARISH DISTRICT                              SECTION: "B"(5)
ATTORNEY'S OFFICE, SUED IN
THEIR INDIVIDUAL CAPACITIES

## REPORT AND RECOMMENDATION

Using the standardized form that is provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the above-captioned matter was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Donald R. Magee, Jr., against Defendants, the Washington Parish District Attorney's Office ("WPDAO") and Assistant District Attorney ("ADA") Jay Adair. (Rec. docs. 3, pp. 1, 4; 3-3, p. 1).

Plaintiff is an inmate of the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana, who indicates in his complaint that he was convicted of some unidentified crime on January 25, 2013.[1] (Rec. doc. 3, p. 3). In his complaint, Plaintiff alleges, as his first cause of action, that he was denied a fair and impartial trial and due process of law by the actions of ADA Adair in calling a certain witness, JoBeth Rickels, who was not qualified to testify as an expert. (Rec. docs. 3, p. 5; 3-3, pp. 2-3). As his second cause of action, Plaintiff argues that the actions of Adair constituted the tort of disappointment, humiliation, and embarrassment under LSA-C.C. Art. 2315 "… because the [D]efendant monopolized the [P]laintiff's trial via

---

[1] The Court's independent research has revealed the proceeding entitled *State v. Magee*, No. 2013-KA-1726, 2014 WL 3843846 (La. App. 1st Cir. June 6, 2014), the direct criminal appeal of a defendant who was sentenced to thirty-five years following a conviction for sexual battery. A review of that unpublished decision reveals that one of the witnesses who testified at trial, JoBeth Rickels, is the same person who Plaintiff now complains was unqualified to testify. *Magee*, 2014 WL 3843846 at *5.

testimony that was insufficient … and said insufficiency prejudiced [P]laintiff's defense, so as to have denied him of his constitutional rights." (Rec. docs. 3, p. 5; 3-3, p. 3). And as his third cause of action, Plaintiff alleges that the actions of ADA Adair constituted the "…[t]orts of [c]riminal [n]egligence under R.S. 14:12 and [n]egligence under La. C.C.P. Art. 2316, because the Defendant disregarded Plaintiff's interest …" in contravention of the duty of care that is purportedly imposed on district attorneys under LSA-C.Cr.P. Art. 61.[2/] (Rec. doc. 3-3, p. 3). Plaintiff seeks compensatory and punitive damages and a new trial. (Rec. docs. 3, p. 6; 3-3, pp. 3-4).

Initially, the Court is required to examine Plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state court conviction or confinement. When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of *habeas corpus*, even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. *Caldwell v. Line*, 676 F.2d 494 (5th Cir. 1982); *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Johnson v. Hardy*, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for *habeas corpus* relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction *habeas* proceedings. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973); *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir.) *cert. denied*, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only

---

[2/] Article 61 of the Louisiana Code of Criminal Procedure provides that "[s]ubject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." The Court does not interpret this obvious grant of prosecutorial discretion as establishing a duty of care owed by state prosecutors to state criminal defendants, the breach of which gives rise to a private right of action in a civil proceeding like this one.

2

where a prisoner's grounds for federal *habeas corpus* relief were previously presented to the state's highest court in a procedurally proper fashion. *Knox v. Butler*, 884 F.2d 849, 852 n. 7 (5th Cir. 1989), *cert. denied*, 494 U.S. 1088, 110 S.Ct. 1828 (1990); *Dupuy v. Butler*, 827 F.2d 699, 702 (5th Cir. 1988).

Plaintiff's allegation that his conviction was obtained on the basis of insufficient testimony from an unqualified witness who was called by ADA Adair challenges the fact and duration of Plaintiff's confinement, which must initially be pursued on *habeas corpus* grounds, but only after he has exhausted available state court remedies with respect to them. *Johnson v. McElveen*, 101 F.3d 423, 424 n.2 (5th Cir. 1996); *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986). In that regard, Plaintiff identifies, in answer to question No. I(A) of the pre-printed §1983 form, no applications, writs, or other proceedings in which he presented the allegations that he now urges to the Louisiana Supreme Court for its consideration. (Rec. doc. 3, p. 1). Accordingly, insofar as the instant matter can be construed as a request for *habeas corpus* relief, it should be dismissed without prejudice for failure to exhaust available state court remedies. *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

The Court must next determine whether any valid §1983 claims are raised by Plaintiff's complaint. To the extent that Plaintiff's complaint can be read as naming the WPDAO as a defendant, "Louisiana law does not permit a district attorney's office to be sued in its own name. Rather, it requires that the claim be brought against the district attorney in his official capacity." *Hudson v. City of New Orleans*, 174 F.3d 677, 680 (5th Cir.).*cert. denied*, 528 U.S. 1004, 120 S.Ct. 498 (1999)(citations omitted); *Boyle v. 22nd Judicial District Attorney's Office*, No. 14-CV-0855, 2014 WL 4072114 at *2 (E.D. La. Aug. 13, 2014); *Rinker v.*

3

*New Orleans District Attorney*, No. 10-CV-0810, 2010 WL 2773236 at *4 (E.D. La. June 15, 2010), *adopted*, 2010 WL 2773383 (E.D. La. July 12, 2010); *Causey v. The Parish of Tangipahoa*, No. 00-CV-2352, 2001 WL 294058 at *5 (E.D. La. March 27, 2001). Accordingly, no claim against the WPDAO lies here. Even construing Plaintiff's claim as one brought against the District Attorney of Washington Parish in his official capacity, Plaintiff fares no better because he does not allege, much less identify, a policy or custom which allegedly caused a deprivation of his constitutional rights. *Rinker*, 2010 WL 2773236 at *4-5 (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Turning to ADA Adair, any §1983 claim against him in his official capacity suffers from the same infirmity as any purported civil-rights claim against the District Attorney of Washington Parish in his official capacity. *Beard v. Wolf*, No. 13-CV-4772, 2014 WL 3687236 at *2-3 (E.D. La. July 22, 2014); *Rinker*, 2010 WL 2773236 at *4-5. Plaintiff's attempt to proceed against ADA Adair in his individual capacity is equally unavailing in light of the absolute prosecutorial immunity that he enjoys for the acts complained of *sub judice*. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984 (1976); *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994); *Graves v. Hampton*, 1 F.3d 315, 317-18 (5th Cir. 1993). That immunity applies even where the prosecutor's acts were alleged to have been done maliciously, wantonly, or negligently. *Rykes v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987). Moreover, unless and until Plaintiff is able to have his conviction declared unlawful by a state or federal tribunal authorized to make such a determination, he has no §1983 cause of action respecting any alleged improprieties which may have occurred in his state-court criminal proceeding. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994). In light of these authorities, Plaintiff's

§1983 claim against ADA Adair should be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii). *Johnson*, 101 F.3d at 424.

Some closing comments are in order here. By way of the self-styled complaint that is appended to the standardized complaint form that he submitted, Plaintiff purports to be pursuing an action for money damages under LSA-C.C.P. Art. 421.[3]  (Rec. doc. 3-3, p. 1). In view of the Federal Rules of Civil Procedure that govern the litigation of civil suits in the federal courts, no state law affecting practice and procedure can be given effect in federal court unless it is found that the Federal Rules themselves specifically authorize such action by way of exception. *Gillson v. Vendome Petroleum Corp.*, 35 F.Supp. 815, 818 (E.D. La. 1940). Federal Rules 1, 2, and 3, which govern the scope and purpose of the Federal Rules, the form of the action, and the commencement of an action in federal court, obviously trump the provisions of the Louisiana Code of Civil Procedure. In his third cause of action, Plaintiff attempts to proceed under a tort of criminal negligence under LSA-R.S. 14:12. (Rec. doc. 3-3, p. 3). The cited statute, however, is a criminal one and private citizens like Plaintiff have no standing to bring criminal charges. *Lovoi v. Federal Bureau of Investigation*, No. 99-CV-3563, 2000 WL 33671769 at *2 n.2 (E.D. La. March 31, 2000). Finally, in the body of his complaint Plaintiff "... invokes the pendent jurisdiction of this court," purporting to pursue the torts of disappointment, humiliation, and embarrassment. (Rec. doc. 3-3, pp. 1, 3). While the Court is not cited to and is unaware of any authority establishing the tort of disappointment, with the dismissal of Plaintiff's federal claims, any state-law claims that

---

[3] Article 421 of the Louisiana Code of Civil Procedure, titled "[c]ivil action; commencement; amicable demand unnecessary," provides that "[a] civil demand is a demand for the enforcement of a legal right ... commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction" and that "[a]micable demand is not a condition precedent to a civil action, unless specifically required by law."

were raised by his complaint should be dismissed without prejudice. 28 U.S.C. §1367(c)(3); *Sibley v. Lemaire*, 184 F.3d 481,490 (5th Cir. 1999), *cert. denied*, 529 U.S. 1019, 120 S.Ct. 1420 (2000).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's complaint, to the extent that it can be construed as a request for federal *habeas corpus* relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that Plaintiff's claims arising under 42 U.S.C. §1983 be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B).

It is further recommended that any state-law claims raised by Plaintiff's complaint be dismissed without prejudice pursuant to 28 U.S.C. §1367(c)(3).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc). [4]

New Orleans, Louisiana, this  1st  day of          March         , 2016.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[4] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.